## Thompson *et al. versus* Rogers.

1. Zook bought land at an Orphans' Court sale, which was confirmed, and paid part of the purchase-money, but no deed was made:—Rogers by parol entered into partnership with him in milling; Zook's capital to be the land, Rogers the machinery, both took possession. A judgment was recovered against Zook, Rogers afterwards paid the balance of the purchase-money; the land was sold under the judgment, Rogers having given notice of his title to an undivided half. The administrators afterwards made a deed to Zook and Rogers. *Held* that in ejectment against the purchaser at sheriff's sale Rogers could not, by a conditional verdict, recover the purchase-money paid by him.

2. Rogers took no title under the administrator's deed.

3. The administrator sold as an officer of the law, Zook took the title by the sale; its confirmation and the deed could be effectual in no other way.

4. Whether Rogers was entitled to an undivided half of the land under his parol contract, not decided.

November 14th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Washington county*: No. 220, to October and November Term 1870.

This was an action of ejectment brought December 24th 1868, by John Rogers against Isaac Thompson, Samuel Thompson and James Emery, for an undivided half of a lot of land. The cause was tried March 3d 1870, before Acheson, P. J.

The title to the land in dispute was originally in Samuel Adams, who having died it was sold by his administrator, Elijah Adams by order of the Orphans' Court to Jonathan Zook for $450: the sale was confirmed February 15th 1856, the land was subject to the dower of a Mrs. Baumgardner. Zook paid the administrator $250 on account of the purchase-money, but a deed was not made to him. In the summer of 1856, Zook and Rogers by parol entered into a partnership in a grist-mill; Rogers' part of the capital to be an engine, &c., and Zook's the land. In pursuance of this agreement they entered into the joint posession of the property. Rogers put up the engine and they conducted business together

[Thompson *v.* Rogers.]

for some years. To May Term 1859, Sarah Harris recovered judgment against Zook for $200.

The administrator of Adams having demanded the balance of the purchase-money from Zook was informed by him that the plaintiff was in partnership with him and would pay the balance; and December 4th 1860, the plaintiff paid the administrator $215 on account of the balance of the purchase-money. In 1864, Sarah Harris' judgment was revived against Zook alone. In 1864, they ceased carrying on the partnership business, and Zook removed. In 1866 the plaintiff paid the purchase-money in full and also the dower of Mrs. Baumgardner. Zook's interest was sold to the defendants at sheriff's sale under the Harris judgment, the sheriff's deed being acknowledged February 20th 1867. At the sale the plaintiff was in possession and gave public notice of his title to an undivided half of the premises.

On the 4th of February 1868, the administrator under the advice of his counsel, the assent of Zook not appearing to have been given, conveyed the premises to Jonathan Zook and John Rogers, describing them in the deed and adding " which the said Zook and Rogers by agreement so far executed between themselves that it would be against equity to rescind the same, held as tenants in common."

Neither party submitted points.

After stating the facts, the court charged :—

* * * " Regarding the transaction between Zook and Rogers in the light of a parol sale merely, it might be difficult for the plaintiff to support this suit against the defendants as the sheriff's vendees. Where parties maintain such relations to one another as to preclude the possibility of surrendering or taking possession in its entirety, of the land sold, a parol contract under the statute of frauds would be incapable of enforcement. Here Zook was in possession at the time of the partnership agreement, and the parties in pursuance thereof maintained a joint possession and ownership. But may the plaintiff not employ the present action to recover back the money he has paid upon the Orphans' Court sale whereby the legal title has been secured ? At the time Sarah Harris obtained her judgment in 1859 against Zook, it became a lien upon the equitable estate he had acquired by virtue of the Orphans' Court sale. This lien would be measured by the amount of purchase-money Zook had then paid; but the judgment would open to take in the additional equities created by any future payment he might make; and if the legal estate had been conveyed to him by Adams' administrator, the lien of the judgment would have attached to and covered the whole estate, equitable and legal. But after the payment of the $250, Zook took Rogers in as a joint owner and partner. Rogers paid the balance of the purchase-money, and by reason of this, as well as by the notification from Zook of the joint ownership, the administrator, under

[Thompson v. Rogers.]

the advice of counsel, executed a joint deed to Zook and Rogers. It cannot be denied, that as between themselves, Rogers fairly and honestly acquired the ownership of the one-half of the property, and if he cannot look to it for reimbursement he will sustain great loss. The plaintiff may not be able to make himself whole in this suit; for the engine he put up and the moneys he paid to extinguish the dower interest of Mrs. Baumgardner, he may have no remedy against the property now in possession of the defendants; but for the direct payments made to Adams' administrator, on account of the purchase-money due upon the Orphans' Court sale, we think he has a claim that may be enforced in this suit. The administrator upon notice from Zook received these payments from the plaintiff as joint owner, and upon the faith of this he made the joint conveyance which he delivered to the plaintiff. The latter was in the possession at the time of the sheriff's sale, and the defendants then had notice of the partnership and plaintiff's claim to the undivided half of the property. They knew likewise that Zook was not possessed of the legal estate. [Under these circumstances they bought his right and interest, and we think that in equity and good conscience they are as much bound to repay to the plaintiff what he advanced to secure the legal title as they would have been to pay the money to Adams' administrator had it remained unpaid at the time of the sheriff's sale. We instruct you therefore that the plaintiff ought to have a conditional verdict, to reimburse him for the money paid to Adams' administrator, in completion of the Orphans' Court sale.]

The jury found for the plaintiff, to be released on the payment to the plaintiff of the sum of $540.10 within ten months from this date, with interest; concurrently with which payment the said plaintiff shall convey to the defendants all his interest in the land in dispute."

The defendants removed the case to the Supreme Court and assigned for error the part of the charge in brackets.

*D. J. Wilson,* for plaintiffs in error.—The administrator having no interest in the land, is merely the officer of the court: Vandever v. Baker, 1 Harris 121; King v. Gunnison, 4 Barr 171; Randolph's Appeal, 5 Id. 242; Fox v. Mensch, 3 W. & S. 444. The confirmation was conclusive; the authority to make a deed otherwise must be shown: Bellas v. McCarty, 10 Watts 13; Seechrist v. Baskin, 7 W. & S. 403. A trust does not result from payment of purchase-money, unless under a contract concurrent with the payment: Botsford v. Burr, 2 Johns. Ch. R. 408; Barnet v. Dougherty 8 Casey 372. The case is not one for the intervention of a chancellor: Lauer v. Lee, 6 Wright 165; Cadwallader v. Berkheiser, 8 Casey 43.

*J. D. Braden* (with whom was *G. W. Miller*), for defendant in error.—Zook only could plead the statute; to all but him the sale was good without possession: Christy *v.* Brien, 2 Harris 248. An Orphans' Court sale is not complete till delivery of the deed: Simmond's Est., 7 Harris 441; Leshey *v.* Gardner, 3 W. & S. 314. Performance of a parol contract will be enforced where it is confessed in the answer: 2 Story's Eq. J., sect. 755; Houser *v.* Lamont, 5 P. F. Smith 317. Rogers having paid the purchase-money at the request of Zook, may look to the land for reimbursement: Champlin *v.* Williams, 9 Barr 341.

The opinion of the court was delivered, January 3d 1871 by

WILLIAMS, J.—It was conceded by the court below that the plaintiff was not entitled to maintain this ejectment against the defendants under his parol contract with Zook, the purchaser of the land at the Orphans' Court sale. But having paid a part of the purchase-money to the administrator, and having received from him a deed conveying the land to himself and Zook as tenants in common, the court was of the opinion that he might employ the action of ejectment to recover from the sheriff's vendees of Zook's equitable interest, the money which he had paid the administrator upon the Orphans' Court sale. This would undoubtedly have been the case, if the title to the land had been vested in the administrator, and he had made the sale to Zook in his own right. Then upon his payment of the residue of the purchase-money and the conveyance of the legal title to himself the plaintiff would have been invested with all the rights of the administrator as owner, and might have maintained the ejectment to recover the purchase-money which he paid the administrator. But the administrator had no title to the land—and no authority to sell and convey it except what he derived from the law, and the order of the Orphans' Court. He did not sell and convey the land by virtue of his title as owner, but as the officer of the law under the direction of the courts. The sale, which he made under its direction, was to Zook, and it was confirmed by an order of the court. Under the order, he was authorized to convey the land to the purchaser on payment of the purchase-money, and he had no right or authority to convey it to the plaintiff, either as sole tenant or tenant in common with Zook, and, consequently, no title passed to the plaintiff by his conveyance. The evidence shows that the conveyance was made without the knowledge or consent of Zook. If it had been made with his consent, in consideration of the payment of the residue of the purchase-money by the plaintiff, then Zook might have been estopped from denying his title. But the sheriff's vendees of Zook's interest are not estopped. The judgment, under which the sale was made, was obtained before the payment of any portion of the purchase-money by the plaintiff,

[Thompson v. Rogers.]

and it is clear that, if the plaintiff took no title to the land under the deed of the administrator, he is not entitled to maintain the action to recover back the purchase-money which he paid. If he is not entitled to recover the land under his parol contract with Zook, he is without any remedy. Whether or not he is entitled to the undivided half of the land under his parol contract is a question which does not arise on the conditional verdict, or under any of the assignments of error, and therefore its discussion would be out of place.

Judgment reversed and a *venire facias de novo* awarded.